**AMERICAN MEDICAL SYSTEMS, INC., Plaintiff,**

v.

**MEDICAL ENGINEERING CORPORATION, Defendant.**

No. 87–C–1236.

United States District Court, E.D. Wisconsin.

June 25, 1992.

George Pazuniak, Rudolf E. Hutz, Eric Hutz, Connolly, Bove, Lodge & Hutz, Wilmington, Del., C. Thomas Sylke, Whyte & Hirschboeck, Milwaukee, Wis., for plaintiff.

Mark T. Banner, Jerry A. Riedinger, Grantland G. Drutchas, Marc S. Cooperman, Allegretti & Witcoff, Ltd., Chicago, Ill., Bruce R. Bauer, David R. Cross, Quarles & Brady, Milwaukee, Wis., for defendant.

ORDER

STADTMUELLER, District Judge.

On November 21, 1991, Medical Engineering Corporation filed a motion to reopen the trial record in this case to receive additional evidence. The basis for the motion is that American Medical Systems, Inc. has taken a position in other litigation between the parties (*Medical Engineering Corporation v. American Medical Systems, Inc.* No. 3–91–CV–348 (D.Minn.), which is allegedly inconsistent with its position in this case. MEC seeks to have the court receive additional evidence either by holding additional hearings or accepting the proffered documentary material which accompanies the motion.

AMS has elected not to address the procedural question of whether in the first instance MEC's proffered materials should be considered by the court. Rather, AMS attacks the substance of MEC's motion and asserts it should be denied on the merits. Since AMS apparently has no objection to the court reviewing the materials submitted the court accepts them for consideration as part of the trial record.

Turning to the merits, MEC contends that AMS took the position that the warranties given at the time of the settlement of certain patent interference proceedings should be considered narrowly in the Wisconsin litigation, but broadly in the Minnesota litigation. AMS stridently urges that its positions in the two cases are not contradictory.

Upon review of the materials and in light of the trial record the court does not find AMS' positions in the two cases to be necessarily contradictory. And even if they are, this court is not so naive as to ignore the reality that parties may take contradictory legal positions based upon similar or indeed the same facts. Consequently, accepting MEC's position that the positions taken in the two cases are contradictory, the contradictory position is of impeaching value at best, but nothing more. While these documents are now part of the record and have been reviewed by the court, they simply do not rise to the stature of altering the court's findings and conclusions contained in a separate opinion rendered this date.

SO ORDERED.